NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORLANDO EDUVIGES PEREZ-AVALOS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   15-71446 <br><br> Agency No. A087-990-884 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Orlando Eduviges Perez-Avalos, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

Although Perez-Avalos argues that he demonstrated changed circumstances sufficient to excuse his untimely asylum application, we lack jurisdiction to review this challenge to the agency's denial of Perez-Avalos's asylum claim because he did not exhaust it before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's conclusion that Perez-Avalos failed to establish past persecution, and the BIA explicitly considered the cumulative effect of Perez-Avalos's experiences in making this determination. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)); *see also Lim v. INS*,

15-71446

224 F.3d 929, 936 (9th Cir. 2000) (holding that the threats to petitioner did not inflict sufficient suffering or harm to compel a finding of past persecution).

Substantial evidence also supports the agency's denial of withholding of removal because Perez-Avalos failed to demonstrate a clear probability of persecution based on a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Perez-Avalos's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Perez-Avalos failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Perez-Avalos's contentions that the agency applied incorrect legal standards in the analysis of his claims and applied an incorrect definition of torture. *I.N.S. v. Stevic,* 467 U.S. 407, 413 (1984); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194-96 (9th Cir. 2003).

Finally, the record does not support Perez-Avalos's assertion that the agency failed to consider relevant country-conditions evidence or otherwise failed to review and consider the evidence presented. *See, e.g., Gonzalez-Caraveo v.*

*Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**